IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01873-RBJ-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

LINDSEY MANESS,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pending before the Court is Defendant's Motion for Attorney's Fees [filed November 13, 2012; docket #24]. This matter has been referred to the Court for recommendation.[1]  (Docket #25). In light of various factual issues raised in the briefs, the Court held oral argument and heard testimony from Defendant on November 28, 2012.  For the reasons that follow, the Court RECOMMENDS that Defendant's Motion be **DENIED**.[2]

---

      [1]Pursuant to Fed. R. Civ. P. 54(d)(2)(D), the District Court may refer a motion for attorney's fees to a Magistrate Judge under Fed. R. Civ. P. 72(b) as if it were a dispositive pretrial matter.

      [2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and  recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff Malibu Media, LLC appears to own the copyrights to several films distributed over the internet through a subscription-based website.  Given the proliferation of online piracy, Plaintiff has elected to protect its copyrighted media through litigation.  Toward that end, Plaintiff initiated an action in this Court on April 3, 2012 ("the first action"), alleging that various Doe Defendants, identified only by their Internet Protocol ("IP") addresses, had infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film.  (Case No. 12-cv-0839-PAB-MEH, docket #1.)  In an effort to identify the alleged infringers, Plaintiff  requested permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. (*Id*. at docket #12.)  Magistrate Judge Watanabe determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion accordingly.  (*Id*. at docket #16.)  In particular, the Magistrate Judge Watanabe authorized Plaintiff to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identities of the Doe Defendants as identified by the 17 IP addresses listed in docket #1-1 of the first action.  (*Id*.)  Among the Doe Defendants named in the first action was Defendant Lindsey Maness, identified initially by his IP address alone.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP, Comcast, on April 10, 2012.  (Docket #24-3, 2-3.)  In turn, Comcast notified Defendant that it would release his identifying information to Plaintiff by May 21, 2012, unless Defendant filed an objection with the court.  (*Id*. at 1.)  Defendant elected not to challenge the subpoena and his information was subsequently released.  Plaintiff dismissed Defendant (identified as Doe #11) from the first action without prejudice on August 1, 2012.  (Case No. 12-cv-00839-PAB-MEH; docket

#27.)

After obtaining Defendant's identity (but before dismissing Defendant from the first action), Plaintiff attempted to reach a settlement with Defendant using several designated negotiators. (Docket #24-20, ¶ 1-5.) These negotiators, identified as Lauren Michaels and Elizabeth Jones, told Defendant that they represented the Plaintiff and accused Defendant of illegally downloading several pornographic works for which Plaintiff owned the copyrights. (*Id*.) During each of Defendant's communications with the negotiators and in emails to Plaintiff's counsel, Defendant asserted his innocence and claimed that during the time of the alleged infringement his computer had been hacked. (*Id*. at ¶¶ 2, 5-7.) After speaking with Defendant on June 6, 2012, Ms. Michaels instructed Defendant to contact his ISP for information regarding the nature of his IP address. (*Id*. ¶ 4.) She indicated that Plaintiff "did not want to waste [it's] time, effort, and money on a case that may be untenable." (*Id*.) It is not clear from Defendant's affidavit whether he complied with Ms. Michaels' request that he conduct further research regarding his IP address.

Following his discussion with Ms. Michaels, Defendant emailed Ms. Michaels and Plaintiff's counsel on June 28, 2012, and offered to make his computer files available for a complete forensic analysis. (*Id*. at ¶ 6.) They did not respond. (*Id*.) Approximately two weeks later, on July 7, 2012, Defendant received a phone call from Elizabeth Jones attempting to negotiate a settlement. (*Id*. at ¶ 6.) Defendant professed his innocence and offered, once again, to provide his computer for examination. (*Id*. at ¶¶ 7,8.) Ms. Jones stated that Defendant's offer "would be accepted and reviewed," but that Plaintiff would continue to view Defendant as the responsible party. (Docket #24-8, 1.) Ms. Jones further informed Defendant that Plaintiff intended to pursue a lawsuit if no settlement could be reached. (Docket 24-20 at ¶ 8.) Defendant responded that he would not pay "even one penny." (Docket 24-8 at 1.)

Consistent with Ms. Jones' representations, Plaintiff initiated this action against Defendant on July 18, 2012, and Defendant was served on August 26, 2012.   (Dockets ##1, 11.) Approximately two weeks later, on September 9, 2012, Defendant attempted to contact Plaintiff's counsel a second time.  (Docket #24-20 at ¶ 9.)  Defendant offered to sign an affidavit indicating that he had not engaged in illegal downloading and to personally deliver his computer equipment to Plaintiff for inspection.  (*Id*. at ¶¶ 9,10.)  Plaintiff's counsel did not respond.  (*Id*. ¶11.)

On October 3, 2012, at 1:45 p.m., Plaintiff's counsel contacted Defendant regarding an upcoming scheduling conference and Plaintiff's intent to move for a continuance.  (Docket #24-10 at 2.)  Plaintiff's counsel also indicated his willingness to engage in settlement discussions with Defendant.  (*Id*.)  Defendant responded that same day reiterating his innocence and asserting his intent to pursue extensive discovery and "redress" if the suit was not dropped.  (*Id*. at 1-2.) Defendant copied his prospective counsel.  (*Id*. at 1.)  Plaintiff's counsel discussed the matter with his client and informed Defendant that Plaintiff was willing to examine all of Defendant's electronic devices, but that Plaintiff would also like evidence showing that the devices provided were the only devices used by Defendant and/or authorized user of Defendant's internet connection during the time of the alleged infringement.  (*Id*.)  Plaintiff's counsel explained the possibility that the illegal downloading could have been committed by a houseguest, child, spouse, etc. on a device not in Defendant's possession.  (*Id*.)  Defendant did not respond.

Plaintiff's counsel and Defendant appeared before the Court on October 10, 2012, for a Status Conference.  (Docket #18.) Defendant brought his laptop computer to court and presented it to Plaintiff's counsel for inspection.  (*Id*.)  Defendant also advised the Court that he anticipated retaining counsel, but that counsel could not be present due to the birth of his fourth child.

Immediately following the Status Conference, Defendant and Plaintiff's counsel engaged in

a series of discussions regarding settlement. On October 12, 2012, Plaintiff's counsel made a settlement offer to Defendant. Plaintiff claims that Defendant entered into an oral settlement agreement in which neither party would pay any money and Defendant would agree to secure his wireless internet connection.  When questioned by the Court and Plaintiff's counsel regarding the substance of his settlement discussions with Plaintiff's counsel, Defendant had trouble remembering exactly what was said.  In his declaration, Defendant claims that after the October 12, 2012, conversation with Plaintiff's counsel, he was "initially hopeful to put the ordeal behind [him]." (Docket #24-40 at ¶ 15.)   However, upon further reflection, Defendant decided that he could not agree to a confidentiality clause.  (*Id.*)  When questioned in court, Defendant adamantly denied that any agreement was reached, due in part to Plaintiff's counsel's continual need to confer with his client prior to formalizing a settlement.

Concurrently with Defendant's change-of-heart, Defendant finalized a representation agreement with counsel and directed all further communications be made to him.  Defendant's counsel emailed Plaintiff's counsel a letter on October 12, 2012, indicating that his client would not accept any confidentiality provision due to the effect of the lawsuit on his reputation.  (Docket #29-1.)  In a series of subsequent emails between Defendant's counsel and Plaintiff's counsel, Plaintiff's counsel continued to make concessions regarding Defendant's obligations under the agreement. (*See* docket #30-2.)  Defendant's counsel reiterated the importance of Defendant's reputation and stated that "regardless [of the proposed settlement], [counsel] will be proceeding in the preparation of a response due next Wednesday [October 17, 2012]." (*Id*. at 1.)   Plaintiff's counsel responded by noting that the proposed confidentiality provision would not prohibit Defendant from publicly maintaining his innocence and would relate only to the terms of the settlement agreement.  (*Id*. at 1.)  Though Plaintiff's counsel indicated that he would prepare a draft agreement to continue the

settlement effort, he did not do so.

Instead of proceeding with settlement discussions, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice of Lindsay [sic] Maness pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on October 15, 2012. (Docket #20.) The Certificate of Service attached to the Notice states that service was perfected on all parties and counsel of record through the CM/ECF system. (*Id*. at 2.) However, because Defendant could not receive electronic notifications and Defendant's counsel had not yet entered his appearance in the case, neither received notice of the dismissal. The District Court closed the case on October 16, 2012. (Docket #21.)

 On October 17, 2012, at 2:54 p.m., Defendant's counsel emailed counsel for Plaintiff regarding Defendant's intent to file a motion to dismiss. (Docket #30-3.) Plaintiff's counsel responded promptly and informed Defendant's counsel that Defendant had been dismissed and the case had been terminated. (*Id*.) Despite knowing that the motion to dismiss would be moot, Defendant's counsel filed the motion anyway. (*See* docket #30 at 6; "Defense counsel must acknowledge that it did file Mr. Maness' motion to dismiss with knowledge that such a motion would be moot.") The District Court denied the motion as moot. (Docket #24.)

Approximately a month later, on November 13, 2012, Defendant filed the pending motion for attorney's fees, seeking an award $24,125.06 for work performed between October 12, 2012, and November 8, 2012, including over 50 hours of work performed after Plaintiff dismissed the case. Upon order of the Court, Plaintiff filed a response on November 23, 2012 [docket #29], and Defendant filed a reply in support of the motion on November 27, 2012 [docket #30]. Defendant's reply concedes that the actual amount Defendant expects to pay for representation in this case is approximately $2000.00, plus costs. (Dockets ##30 at 11, 30-5, ¶ 12.) At the hearing held in this case on November 28, 2012, the Court expressed a willingness to award fees of some amount.

Plaintiff's counsel agreed on the record that an award of $2000.00 would be reasonable.

## DISCUSSION

In determining whether Defendant is entitled to recover his attorney's fees, the Court will first consider the various authorities cited by Defendant that would support a fee award in this case. After resolving whether an award of fees is appropriate, the Court will assess the reasonableness of the amount sought.

## I.     Entitlement to Recovery

Defendant seeks attorney's fees under the following authority: Fed. R. Civ. P. 54(d); 17 U.S.C. § 505 and *Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994); 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and the Court's inherent ability to impose sanctions.  The first two grounds for relief are related insofar as Fed. R. Civ. P. 54(d) provides the appropriate procedure for recovery of attorney's fees under 17 U.S.C. § 505 ("the Copyright Act").  *Evolution, Inc. v. Suntrust Bank*, 01-2409-CM, 2005 WL 1936019, at *1 (D. Kan. Aug. 8, 2005) (citing *Mattel, Inc. v. Radio City Entm't*, 210 F.R.D. 504, 505 (S.D.N.Y. 2002)).  However, the attorney's fee provisions of Rule 54(d) "do not apply to claims for fees and expenses as sanctions for violating [the Federal Rules of Civil Procedure] or as sanctions under 28 U.S.C. § 1927." Fed. R. Civ. P. 54(d)(2)(E).  Given this division, the Court will consider first whether Rule 54(d) permits Defendant to recover his attorney's fees under 17 U.S.C. § 505.  After so doing, the Court will analyze whether an award of fees is appropriate under either Rule 11 or 28 U.S.C. § 1927.

### A.     Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505

Rule 54(d)(1) states that "[u]nless a federal statute, these rules or a court order provides otherwise, costs-*other than attorney's fees*- should be allowed to the prevailing party." (emphasis added).  Section 505 of the Copyright Act provides that the court, it its discretion, "may allow the

recovery of full costs by or against any party other than the United States. . .[and] may also award reasonable attorney's fees to the prevailing party as part of the costs." 17 U.S.C. § 505 (2012).  In *Fogerty*, the Supreme Court recognized that prevailing plaintiffs and prevailing defendants are to be treated alike in the award or denial of attorney's fees pursuant to 17 U.S.C. § 505. *Fogerty*, 510 U.S. at 534.  Though there is "no precise rule or formula for making these determinations," *Fogerty* sets forth a non-exhaustive list of factors the court may consider in exercising its equitable discretion: (1) frivolousness; (2) motivation; (3) objective unreasonableness (in both the factual and legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence.  *Id*. at 535 n.19.  These factors must be applied evenhandedly so as to advance the purposes of the Copyright Act.  *Id*.

In this case, Plaintiff concedes that its second dismissal without prejudice pursuant to Rule 41(a)(1)(B) constitutes an adjudication on the merits in Defendant's favor under the terms of that Rule.  In this way, the parties agree that Defendant is, by operation of law, the prevailing party. "Prevailing party" is a legal term of art which means "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded. . ." *Buckhannon Bd. and Care Home Inc. v. West*, 523 U.S. 598, 603 (2001).  The Tenth Circuit has also recognized that an "adjudication on the merits" under Rule 41 is the equivalent of a final judgment.  *See White v. Arnold*, 951 F.2d 1261 (Table), 1992 WL 268873, at *2 (10th Cir. 1991).

At the November 28, 2012 hearing, the Court considered the arguments of counsel and indicated that a fee award of $2000.00 was reasonable.  Plaintiff's counsel agreed.  However, upon further consideration, the Court determines that Fed. R. Civ. P. 54(d) prohibits any such award in this action because the 14-day period provided by the Rule expired prior to the filing of Defendant's motion, and Defendant has not sought an order from the Court extending the deadline.  *See Mattel,*

*Inc.*, 210 F.R.D. at 505 (applying Rule 54(d)(2)(B)'s 14-day deadline to a motion for attorney's fees under the Copyright Act and noting that "the shortness of the period itself bespeaks an intent to limit such motions."). Therefore, the Court recommends that District Court deny Defendant's request for attorney's fees pursuant to Rule 54(d) and 17 U.S.C. § 505 as untimely.

B.    Sanctions

As noted above, the 14-day time limitation provided by Rule 54(d) does not apply to Defendant's requests for attorney's fees as a sanction under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927.

i.    *Rule 11*

Defendant's request for sanctions under Rule 11 is improper for several reasons. First, the plain language of Fed. R. Civ. P. 11(c)(2) provides that "[a] motion for sanctions must be filed *separately* from any other motion. . ." (emphasis added). Defendant's pending motion seeks recovery of fees on several additional grounds, not all of which involve sanctions. Second, Fed. R. Civ. P. 11(c)(2) requires that a motion for sanctions "must be served pursuant to Rule 5, but it must not be filed with the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Defendant's motion contains no indication of compliance with the aforementioned "safe harbor" provision of Rule 11. Finally, the Tenth Circuit has held that a motion for sanctions pursuant to Rule 11 filed after a case is dismissed should be denied. *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006); *see also AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997) (concluding that Rule 11 sanctions were unavailable to defendant who moved for sanctions after plaintiff moved to voluntarily dismiss its claims against defendant). Therefore, the Court recommends that Defendant's request for sanctions pursuant to Rule 11 be denied.

ii.    *28 U.S.C. § 1927*

Pursuant to 28 U.S.C. § 1927, an attorney "who multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Defendant argues that this case was unreasonable from its inception because Defendant offered evidence of his innocence to third-party negotiators and to Plaintiff's counsel prior to the date on which Plaintiff filed its complaint in this action.  According to Defendant, Plaintiff's decision to ignore this prospective evidence and file the present action unreasonably multiplied costs and attorney's fees.

Though Plaintiff does not address Defendant's § 1927 argument directly, its assertion of a good-faith basis for its claim weighs against a finding that it pursued this action unreasonably and for vexatious purposes.  At the November 28, 2012 hearing, the Court encouraged Plaintiff to invest additional resources in the early examination of electronic devices so as to avoid extended litigation against innocent parties.  However, the Court also recognizes that defendants in these actions have significant incentives to avoid liability on the claims alleged and Plaintiff may be understandably and even reasonably skeptical of a defendant's assertion of innocence.  Even if a defendant is actually innocent, he or she may have information regarding persons who could  have used his or her internet connection to engage in illegal downloading.  Plaintiff has a constitutional right to file a lawsuit and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works.  When presented with evidence to the contrary, Plaintiff, like all litigants may decide to dismiss the action or proceed with discovery.  In this case, Plaintiff elected to dismiss the action before engaging in any discovery authorized by the Federal Rules and prior to the filing of any dispositive motions.  Thus, while the Court recognizes that Plaintiff could have inspected Defendant's computer equipment prior to filing this lawsuit, the Court declines to

penalize Plaintiff for failing to do so.

Additionally, Defendant's decision to file a motion to dismiss after the District Court closed the case renders Defendant's hands unclean in this regard, as Defendant himself caused the unnecessary expenditure of judicial resources in filing a motion that he knew would be moot. Likewise, Defendant's assertion of a claim for relief under Rule 11 that is improper under both the text of the Rule and controlling Tenth Circuit precedent unreasonably multiplies the work of the Court and of Plaintiff. Therefore, the Court recommends that Defendant's claim for attorney's fees under 28 U.S.C. § 1927 be denied, and that the District Court decline to impose sanctions on Plaintiff or Plaintiff's counsel under the Federal Rules of Civil Procedure or any other basis, including the Court's inherent authority.

## II.     Reasonableness of Amount Sought

In the event the District Court disagrees with this Court's finding regarding Defendant's entitlement to fees, or if the District Court determines that an extension of the Rule 54(d) deadline is appropriate, the Court also provides the following recommendation regarding the reasonableness of attorney's fees Defendant now seeks.

Determining a reasonable attorney's fee is committed to the sound discretion of the district court. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The district court must review hours expended an exclude from its initial fee calculation hours that were not "reasonably expended." *Id*. at 434. The court should also consider the result obtained. *Id*. Though some analysis is required, "[a] request for attorney's fees should not result in a second major litigation." *Id*.; *see also Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).[3]  "Trial courts need not, and indeed should not, become green-

---

[3]With this principle in mind, it is worth noting that Defendant's counsel expended approximately 45 hours preparing a 41-page motion for attorney's fees in an action which required a total of 25 hours of his time prior to its dismissal. (*See* docket #24-15.)  The Court suspects this is not what the Supreme Court has in mind.

eyeshade accountants," as the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox*, 131 at 2216.  As the *Fox* Court advised, "trial courts may take into account their overall sense of a suit, and may use estimates in allocating an attorney's time." *Id.*

In this case, Defendant seeks a total of $24,125.06 (after 25% fee reduction and application of 1.5 lodestar multiplier) in attorney's fees for work performed between October 12, 2012, and November 8, 2012.  Prior to Plaintiff's dismissal of the case, Defendant's counsel worked approximately 25 hours and billed roughly 19.3 hours of that time.  (*See* docket #24-15.) Counsel's billing records indicate that after the dismissal on October 16, 2012, counsel "continued efforts to draft motion to dismiss" for an additional 8.2 hours.  (*Id.*)  Though Plaintiff acknowledges that it failed to effect proper service of its Notice of Dismissal, Court finds that Defendant's counsel should have exercised more diligence in examining the docket report of an action in which he had not yet entered an appearance but was nevertheless representing a party and preparing a motion to dismiss. Additionally, in light of the multiple procedural oversights contained in Defendant's motion for attorney's fees, the Court does not find Defendant's counsel should be compensated for the time spent preparing the motion.

In consideration of the missteps of both counsel and with the agreement of Plaintiff's counsel as stated on the record, the Court recommends that if any attorney's fees are awarded, $2,000.00 would be a reasonable award under the circumstances.

## CONCLUSION

The Court finds that Defendant's motion for attorney's fees under Rule 54(d) and 17 U.S.C. § 505 is untimely and that sanctions are not warranted under either Rule 11 or 28 U.S.C. § 1927. Accordingly, the Court respectfully RECOMMENDS that Motion for Attorney's Fees [filed

November 13, 2012; docket #24] be **DENIED**.   However, in the event the District Court determines that attorney's fees are appropriate, the Court recommends a reasonable award of $2,000.00.

DATED this 4th day of December, 2012, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge